■ In the Matter of the Claim of Ruth Bichowsky, Respondent, against Hickey Freeman Co. et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by employer-carrier from a determination that claimant suffered an occupational disease. Claimant worked 29 years for the employer here involved in the same type of work which necessitated her coming in contact with wool used in men's clothing. About two years before the claim for compensation she first experienced trouble in her chest from swimming in cold water. In 1956 she was out of work because of an asthmatic condition. On June 28, 1957 she ceased work and her claim for compensation stated " Asthmatic condition aggravated by working on wool etc.". The Referee and board found that exposure to wool dust in her occupation precipitated the disabling bronchial asthma. The word " precipitated " as used herein is a medical expression meaning " hastened ". We have previously determined that an asthmatic condition may be occupational in nature when there was exposure to irritants to

which claimant was allergic. (*Matter of Mayr* v. *Price,* 9 A D 2d 801.) A doctor for the claimant testified: "Presumably she may have developed this allergy as a result of repeated exposure, but at the present time it is one of the substances to which she is allergic and which does definitely precipitate symptoms, so in that sense one would have to say the things she meets in her employment are producing symptoms and causing manifestations of disease and disability." Another doctor for the claimant testified her occupation was an aggravating factor of the disability and the doctor for the appellants stated: "They [allergic substances] may not make the disease worse but may aggravate the symptoms of that disease." While the finding of the board is somewhat indefinite where as here the disease was occupational in nature and the medical testimony is in accord that the disability was due to precipitation and aggravation of bronchial asthma resulting from her employment, the delay in remitting the matter for more definite findings would serve no useful purpose. Decision and award of the Workmen's Compensation Board unanimously affirmed, with costs to the board against the appellant. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.